UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

March 31, 2021

LETTER TO COUNSEL

    RE:    *Edgar E. v. Saul*
             Civil No. DLB-19-2485

Dear Counsel:

    On August 28, 2019, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's response. ECF 14 ("Pl.'s Mem."); ECF 16 ("Def.'s Mem."); ECF 17 ("Pl.'s Reply"). I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

    Plaintiff filed his claims for benefits on October 8, 2015, alleging an onset date of June 17, 2014. Administrative Transcript ("Tr.") 208-17. The SSA denied his claims initially and on reconsideration. Tr. 135-36, 171-72. An Administrative Law Judge ("ALJ") held a hearing on November 9, 2017. Tr. 58-90. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 8-25. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1-7; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

    The ALJ found plaintiff severely impaired by "obesity, degenerative changes of the lumbar facet joints, and an adjustment disorder with mixed disturbance." Tr. 14 (internal citation omitted). Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to: "[p]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he is limited to simple, repetitive tasks with no more than occasional interaction with supervisors, co-workers, and the public." Tr. 16. After considering the testimony of a vocational expert

*Edgar E. v. Saul*
Civil No. DLB-19-2485
March 31, 2021
Page 2

("VE"), the ALJ determined plaintiff could not perform his past relevant work as a groundskeeper, construction worker, and a sanitation worker but could perform other work existing in significant numbers in the national economy. Tr. 19-20. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 20-21.

On appeal, plaintiff argues the ALJ erred in her application of the special technique. Pl.'s Mem. 9-31. The Commissioner argues the ALJ "followed the applicable rules, and substantial evidence supports the final decision." Def.'s Mem. 5. I agree that the ALJ's analysis fell short of the special technique regulations' requirements, in part because I am unable to determine whether substantial evidence supported the ALJ's findings. Accordingly, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

The SSA has established regulations setting forth the procedure for evaluating physical and mental impairments. *See* 20 C.F.R. §§ 404.1520, 416.920. In addition to that procedure, when the SSA "evaluate[s] the severity of mental impairments for adults[,]…[the agency] must follow a special technique at each level in the administrative review process." *Id.* §§ 404.1520a(a), 416.920a(a). The SSA evaluates the claimant's "pertinent symptoms, signs, and laboratory findings to determine whether [the claimant] ha[s] a medically determinable mental impairment(s)." *Id.* §§ 404.1520a(b)(1), 416.920a(b)(1); *see id.* §§ 404.1521, 416.921 (describing the evidence necessary to establish a medically determinable impairment). If the SSA determines the claimant has "a medically determinable mental impairment(s), [the agency] must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [its] findings in accordance with paragraph (e)" of the special technique regulation. *Id.* §§ 404.1520a(b)(1), 416.920a(b)(1).

The agency "must…rate the degree of functional limitation resulting from the impairment(s)." *Id.* §§ 404.1520a(b)(2), 416.920a(b)(2). The agency is required to rate the claimant's limitations in four broad, functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3). The SSA uses a five-point scale: none, mild, moderate, marked, and extreme. *Id.* §§ 404.1520a(b)(4), 416.920a(b)(4). The rating is based on the extent to which the claimant's impairment "interferes with [his] ability to function independently, appropriately, effectively, and on a sustained basis." *Id.* §§ 404.1520a(b)(2), 416.920a(b)(2).

The ratings subsequently inform a number of findings by the SSA. First, at step two, the agency uses the ratings to determine whether the claimant's medically determinable mental impairment is severe. *Id.* §§ 404.1520a(d)(1), 416.920a(d)(1). If the degrees of the claimant's limitations are "none" or "mild," the agency "will generally conclude that [the claimant's] impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [claimant's] ability to do basic work activities." *Id.*; *see id.* §§ 404.1522, 416.922. Second, and if the impairment is "severe," the agency will consider whether the impairment "meets or is equivalent in severity to a listed mental disorder" at step three. *Id.* §§ 404.1520a(d)(2); 416.920a(d)(2). If the impairment(s) does not meet or equal a listing, the agency

*Edgar E. v. Saul*
Civil No. DLB-19-2485
March 31, 2021
Page 3

will third and finally assess the claimant's residual functional capacity at step four. *Id.* §§ 404.1520a(d)(3), 416.920a(d)(3); *see id.* §§ 404.1545, 416.945.

The special technique regulations impose upon the agency special duties with respect to documenting the technique's application. As relevant to plaintiff's claim on appeal, the regulations provide that:

> …the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas….

*Id.* §§ 404.1520a(e)(4), 416.920a(e)(4); *see Patterson v. Cmm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) ("The regulation specifically provides that the ALJ must document all of the special technique's steps.").

Plaintiff and the Commissioner argue whether the ALJ erred by citing only plaintiff's function reports during the step-two evaluation of the Paragraph B criteria under the special technique regulations, *see* Pl.'s Mem. 14-16; Def.'s Mem. 5-6; Pl.'s Reply 2-4, because the regulations provide only that the required documentation appear in "the written decision," 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4). I find resolution of this debate unnecessary. Even if the Commissioner is correct about the regulations' requirements, the written decision does not otherwise satisfy the special technique regulations' documentation requirements and contain findings supported by substantial evidence. *See* Tr. 11-25; 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4); Pl.'s Mem. 5 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citations omitted)). Accordingly, remand is necessary.

First, the special technique regulations plainly provide that "[t]he decision must include a *specific* finding as to the degree of limitation in each of the functional areas." 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4) (emphasis added). The Commissioner argues the special technique regulations permit the ALJ to meet her documentation requirements anywhere in the decision and that in this case the "decision, when read as a whole, leaves no question regarding the ALJ's full analysis and consideration of the record." Def.'s Mem. 6. The "whole" decision in this case, however, undercuts the Commissioner's argument. The decision contains conflicting findings as to plaintiff's limitations in concentration, persistence, or pace ("CPP"). The ALJ found at step two that plaintiff had only "mild" CPP limitations. Tr. 15. Yet, in the RFC assessment, the ALJ discussed plaintiff's "moderate" CPP limitations. Tr. 19. The ALJ thus failed to document a specific finding as to plaintiff's CPP limitations. Here, as in *Patterson*, "it is difficult to discern how the ALJ treated relevant and conflicting evidence." 846 F.3d at 662 (citing *Mascio*, 780 F.3d at 637). Further, even if the presence of conflicting findings does not amount to error under the special technique regulation in this case, the Court cannot determine to which conclusion the ALJ actually came. Accordingly, "it is difficult, if not impossible, . . . to assess whether" the ALJ's

*Edgar E. v. Saul*
Civil No. DLB-19-2485
March 31, 2021
Page 4

finding(s) is supported by substantial evidence. *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019).

Additionally, the Commissioner's contention that plaintiff's argument is unmeritorious because the entire decision satisfies the special technique regulations' requirements only magnifies the ALJ's errors that preclude this Court from affirming the decision as supported by substantial evidence.

As one example, both agency psychological consultants at the initial and reconsideration levels assessed plaintiff's functional limitations. *See* Tr. 113, 117, 142, 144, 159, 161; 20 C.F.R. §§ 404.1520a(e)(1), 416.920a(e)(1). Plaintiff points out that the ALJ did not reference any of these findings during her step-two application of the special technique and that this omission was harmful because the ALJ came to different conclusions than did the consultants. Pl.'s Mem. 15, 23-24; *see* Tr. 15-16. The Commissioner argues the ALJ "fully articulated how [s]he weighed the opinion evidence." Def.'s Mem. 14. I disagree with the Commissioner.

The ALJ mentioned these records only once throughout her decision:

> The State agency psychological consultants' mental assessments (Exhibits B2A, B3A, B6A, and B7A) because [sic] the concentration, persistence, and pace limitations seem to be more related to the claimant's educational limitations than to his psychiatric impairments. The consultative examination and the claimant's testimony support some limitations in concentration and social interaction (Exhibit B5F).

Tr. 18; *see* Tr. 11-21. The ALJ's analysis is deficient in that the ALJ made no actual finding as to the weight she assigned these assessments. *See* 20 C.F.R. §§ 404.1427(c), 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); *see also id.* §§ 404.1513a(b), 416.913a(b). The omission substantially hinders judicial review in this case because the Court cannot tell what the ALJ actually concluded with respect to these assessments, each of which found plaintiff moderately limited in CPP. *See* Tr. 117, 148. I am unable to find substantial evidence supported the ALJ's conclusion simply because I cannot tell what the ALJ's conclusion was.

As another example, each of the consultants found plaintiff experienced some limitations in pace. *See* Tr. 117, 148. Additionally, the consultative examiner found plaintiff could tolerate "no fast pace production . . . and no stringent quotas." Tr. 18, 328. The ALJ gave the consultative examiner's assessment significant weight. Tr. 18. Yet, at the end of the ALJ's RFC assessment, she wrote: "[W]ith regards to pace, the undersigned finds that the claimant does not have a significant deficit in this area for the reasons discussed above. Thus, the RFC above does not include a pace limitation." Tr. 19. As just discussed, however, the ALJ did not adequately discuss her reasons for finding plaintiff had no limitation in pace, or even what CPP limitation she found generally. *See* Tr. 11-25. Rather, she concluded at step two that plaintiff was mildly limited in CPP, Tr. 15; failed to indicate the weight she assigned the two agency consultants' assessments that found plaintiff moderately limited in CPP and included a pace limitation, Tr. 18; gave significant weight to a consultative examiner's report, which found plaintiff experienced a pace

*Edgar E. v. Saul*
Civil No. DLB-19-2485
March 31, 2021
Page 5

limitation, and did not discount the examiner's CPP findings, Tr. 18; inconsistently stated she found plaintiff moderately limited in CPP at the end of the RFC assessment, Tr. 19; and cited these conclusions—i.e. "the reasons discussed above"—as her basis for finding plaintiff experienced no limitations in pace, Tr. 19.

To the extent the ALJ actually discussed plaintiff's pace capabilities, her only reference to pace came during her discussion of the psychological consultants' assessments. *See* Tr. 11-25. After failing to indicate the weight she assigned these assessments, the ALJ wrote that plaintiff's "concentration, persistence, and pace limitations seem to be more related to the claimant's educational limitations than to his psychiatric impairments. The consultative examination and the claimant's testimony support some limitations in concentration and social interaction (Exhibit B5F)." Tr. 18. The consultative examiner, however, opined plaintiff could "[a]dapt to a static work environment with infrequent changes and with simple, routine, and repetitive tasks, no fast pace production, and no stringent quotas." Tr. 328. Additionally, though the ALJ referenced plaintiff's hearing testimony, plaintiff did not discuss his pace limitations at any point during the hearing. *See* Tr. 58-90. Thus, to the extent the ALJ used the consultative examiner's report or plaintiff's testimony to discount plaintiff's alleged pace limitations, neither provide support for that reasoning. *See* Tr. 15-16, 58-90, 328-34. The ALJ cites no other evidence for her finding that plaintiff's CPP limitations result not from his documented, medically determinable mental impairment but his "educational limitations." *See* Tr. 18. Nowhere in any of the psychological consultants' assessments of plaintiff's RFC do those consultants attribute any of his CPP limitations to plaintiff's abbreviated education. *See* Tr. 107-70. While the ALJ was not necessarily required to find plaintiff had no limitation in pace, here she specifically made that finding and cited reasoning I cannot identify. Because I cannot tell based on the ALJ's decision what substantial evidence, if any, supported this finding, remand is appropriate.

Finally, the Commissioner alternatively argues that any error in this case is harmless. I disagree. The ALJ's decision contains instances of inconsistent or incomplete findings that bear on her assessment of plaintiff's mental impairment. "Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error." *Patterson*, 846 F.3d at 658 (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 700, 707 (4th Cir. 2011); *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 14, is denied, and the Commissioner's motion for summary judgment, ECF 16, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

*Edgar E. v. Saul*
Civil No. DLB-19-2485
March 31, 2021
Page 6

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge